| My Services | Profile  Print  Guide  Export |
|---|---|
| Equipment | Reports  Tracking  Supplies |

Home > Tracking > Status History

## Status History ?

### Tracking Number Information

| Meter: | 11248513 | Mailing Date: | 04/11/19 03:39 PM |
| Tracking Number: | 9171969009350205774819 | Sender: | 20671.46 |
| Current Status: | OK : Delivered | Recipient: | |
| Class of Mail | FC | Zip Code: | 70119 |
| Service: | ERR | City: | NEW ORLEANS |
| Value | $0.650 | State: | LA |

Proof of Delivery



### Status Details

| ▼ Status Date | Status |
|---|---|
| Mon, 04/15/19, 10:58:00 AM | OK : Delivered |
| Fri, 04/12/19, 11:28:00 PM | Processed (processing scan) |
| Thu, 04/11/19, 10:28:00 PM | Processed (processing scan) |
| Thu, 04/11/19, 09:13:00 PM | Origin Acceptance |
| Thu, 04/11/19, 07:29:00 PM | OK: USPS acknowledges reception of info |

Note: Delivery status updates are processed throughout the day and posted upon receipt from the Postal Service.

Exhibit "A"



# KEAN|MILLER LLP
ATTORNEYS AT LAW

GEORGIANA TEOULET, PARALEGAL
PH 504.620.3349 DIRECT FAX 504.585-3051
GEORGIANA.TEOULET@KEANMILLER.COM

April 11, 2019

590 0935 0205 7748 19

**Via E-Certified – E-Certified Return Receipt Request**
Diagnostic Management Affiliates
3532 Canal Street, Suite 6
New Orleans, LA 70119

          Re: *Trevor Ruiz v. Turn Services*
              *USDC Eastern District of Louisiana - C.A. No. 2:19-cv-01400*
              Our File No.: 20671-46

To Whom It May Concern:

This firm represents Turn Services, LLC in connection with a claim made against them by Trevor Ruiz. whose date of birth is June 26, 1992 and whose Social Security #xxx-xx-6508.

In connection with this litigation, this firm has issued a subpoena requesting **a certified copy of your entire file**, pertaining to Trevor Ruiz as more fully described in Attachment "A." In certifying this record, the certification should state that the records are a true and complete copy of all the records in your possession concerning Trevor Ruiz.

The records are to be forwarded to my attention at the following address:

    Georgiana Teoulet
    Kean Miller LLP
    909 Poydras Street, Suite 3600
    New Orleans, LA 70112

T 504.585.3050 | F 504.585.3051
909 Poydras Street Suite 3600 | New Orleans, LA 70112
keanmiller.com

18871953_1



GEORGIANA TEOULET, PARALEGAL
PH 504.620.3349 DIRECT FAX 504.585.3051
GEORGIANA.TEOULET@KEANMILLER.COM

April 11, 2019

**Via E-Certified – E-Certified Return Receipt Request**
Diagnostic Management Affiliates
3532 Canal Street, Suite 6
New Orleans, LA 70119

              Re:    *Trevor Ruiz v. Turn Services*
                     USDC Eastern District of Louisiana - C.A. No. 2:19-cv-01400
                     Our File No.: 20671-46

To Whom It May Concern:

    This firm represents Turn Services, LLC in connection with a claim made against them by Trevor Ruiz. whose date of birth is June 26, 1992 and whose Social Security #xxx-xx-6508.

    In connection with this litigation, this firm has issued a subpoena requesting **a certified copy of your entire file**, pertaining to Trevor Ruiz as more fully described in Attachment "A." In certifying this record, the certification should state that the records are a true and complete copy of all the records in your possession concerning Trevor Ruiz.

    The records are to be forwarded to my attention at the following address:

        Georgiana Teoulet
        Kean Miller LLP
        909 Poydras Street, Suite 3600
        New Orleans, LA 70112

This firm guarantees payment of all reasonable costs incurred in complying with this request.

Should you have any questions regarding this matter, please e-mail me at georgiana.teoulet@keanmiller.com. You may contact me directly at 504.620.3349.

Very truly yours,

KEAN MILLER LLP

*Georgiana Teoulet*

Georgiana Teoulet
Paralegal to Michael A. McGlone

GT/abm
Enclosures

18871953_1

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| TREVOR RUIZ <br> *Plaintiff* <br> v. <br> TURN SERVICES, LLC <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 19-1400 "L" (5) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Diagnostic Management Affiliates
3532 Canal Street, Suite 6, New Orleans, LA 70119

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT "A"

| Place: Kean Miller LLP <br> 909 Poydras Street, Suite 6 <br> New Orleans, LA 70112 | Date and Time: <br> Friday, May 9, 2019 @ 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/__/2019

CLERK OF COURT          OR     *[signature]*

_____          _____
Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
TURN SERVICES, LLC _____, who issues or requests this subpoena, are:
Michael A. McGlone (#9318) - mike.mcglone@keanmiller.com (504) 585-3050
Kean Miller LLP - 909 Poydras Street, Suite 3600, New Orleans, LA 70112

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-1400 "L" (5)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT "A" – MEDICAL RECORDS

**Trevor Ruiz**
DOB:     06/26/1992
SS#:     xxx-xx-6508

      This firm is requesting a certified copy of all materials in your custody and/or control pertaining to the treatment of Trevor Ruiz. This request includes, but is not limited to, the following materials:

1. Any and all documents evidencing the relationship between Diagnostic Management Affiliates and the following medical providers:
    - a) Dr. Rodney Burns
    - b) Dr. Aimee Carswell
    - c) Dr. Brett Casey
    - d) Thompson Dietz
    - e) Timothy Finney
    - f) Dr. Paul Gladden
    - g) Dr. Owen Grossman
    - h) Dr. Lawrence Haydel, II
    - i) Dr. Waybrun Hebert
    - j) Dr. Matthew Higgs
    - k) Dr. John Logan
    - l) Kelvin McCain, P.T.
    - m) Dr. Fernando Martinez, Jr.
    - n) Dr. Brian Matherne
    - o) Dr. Norman Ott, III
    - p) Dr. Ashfaq Qureshi
    - q) Dr. Ramon Rodriguez
    - r) Dr. Pedro Romaguera
    - s) Dr. Michael Serou
    - t) Acadian Ambulance
    - u) Care Physical Therapy
    - v) Core Occupational Medicine
    - w) Dietze & Logan Spine Specialist
    - x) Donohue & Trahan
    - y) Family Doctor Clinic
    - z) Freedom Spine
    - aa) Gulf Coast Orthopedics
    - bb) Houma Urgent Care
    - cc) Louisiana Primary Care Consultants

      dd) LSU Interim Hospital
      ee) OpenSided MRI
      ff) Spine Innovations, LLC
      gg) Southern Orthopaedic Specialists
      hh) Terrebonne General Medical Center
      ii) Tulane University Hospital

2. Any and all documents evidencing the relationship between Diagnostic Management Affiliates, Jim S. Hall, and the Jim S. Hall & Associates law firm;

3. Any and all rights and/or interests Diagnostic Management Affiliates may have in the case entitled "Trevor Ruiz v. Turn Services, LLC", Docket No. 19-1400 "L"(5), currently pending in the Unites States District Court for the Eastern District of Louisiana;

4. Any and all rights and/or interests Diagnostic Management Affiliates may have in any judgments or settlements received by Trevor Ruiz in the case entitled "Trevor Ruiz v. Turn Services, LLC", Docket No. 19-1400 "L"(5), currently pending in the Unites States District Court for the Eastern District of Louisiana;

5. Any and all financial records showing charges and payments for services rendered in connection with the treatment and/or evaluation of Trevor Ruiz for any purpose and at any time;

6. Any and all documents, correspondence and memoranda regarding Trevor Ruiz received from any and all sources;

7. All invoices received by Diagnostic Management Affiliates from any medical provider relating to Trevor Ruiz;

8. All documentation bearing the signature of Trevor Ruiz;

9. All documents referencing or relating to Trevor Ruiz by Diagnostic Management Affiliates;

10. All payments made to or on behalf of Trevor Ruiz, all requests made to any medical provider of Trevor Ruiz; attached copies of checks;

11. All documentation evidencing a PPO relationship between Diagnostic Management Affiliates and Trevor Ruiz;

12. Any and all fee agreements Diagnostic Management Affiliates had/has in effect with any medical provider of Trevor Ruiz;

13. A copy of your entire file concerning Trevor Ruiz at any time;

14. Any and all billing records and all invoices after and before each examination relating to Trevor Ruiz;

15. All financial records showing charges received and payments made for services rendered on behalf of Trevor Ruiz;

16. Reports and/or narrative materials including draft reports concerning Trevor Ruiz;

17. All audio recordings, videos, CDs, DVDs, USBs, flash memory cards, hard drive, zip discs and/or floppy discs concerning Trevor Ruiz;

18. All testing materials, test notes and test results, including raw data from tests administered to Trevor Ruiz and the actual test and responses of Trevor Ruiz;

19. All notes and/or evaluation, consultation and/or narrative reports including handwritten and electronic notes, prepared concerning Trevor Ruiz;

20. All documents and medical records, including hospital records and/or any records received from any other health care provider(s), pertaining to Trevor Ruiz;

21. All documents and materials provided to Trevor Ruiz by you or anyone acting on your behalf; all documents and materials provided by Trevor Ruiz to you or anyone acting on his behalf;

22. Any and all documents and materials relating to Trevor Ruiz in your custody or control; and

23. Any and all handwritten or computer generated notes concerning Trevor Ruiz.

| DATE | VOUCHER NUMBER | INVOICE NUMBER | DESCRIPTION | FILE NO. | G/L ACCT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| 4/9/19 | | | medical records | 20671.46 | | 40.00 |

DETACH AT PERFORMATION BEFORE DEPOSITING  KEAN MILLER LLP  007116

**KEAN MILLER LLP**
ATTORNEYS AT LAW
NEW ORLEANS COST ACCOUNT
POST OFFICE BOX 3513
BATON ROUGE, LA 70821

**REGIONS BANK**
BATON ROUGE, LA

No. 007116   84-362/654

DATE 4/9/19
AMOUNT $40.00

PAY EXACTLY  Forty and no/100 ----------

TO THE ORDER OF  Diagnostic Management Affiliates

VOID AFTER 180 DAYS

AUTHORIZED SIGNATURE

⑆007116⑆ ⑈065403626⑈ 43 0261 6025⑈