UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREVOR RUIZ | CIVIL ACTION |
| VERSUS | NO. 19-1400 |
| TURN SERVICES, LLC | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is Defendant Turn Services, LLC's Motion for Partial Summary Judgment on the Issues of Jones Act Negligence and Unseaworthiness. R. Doc. 101. Plaintiff does not oppose the motion. R. Doc. 110. None of the other Defendants have filed oppositions to the motion. The Court now rules as follows.

I. BACKGROUND

Plaintiff Trevor Ruiz alleges that he was injured on or about December 6, 2018 when he was working on the M/V AFFIRMED as a member of Defendant Turn Services, LLC's ("Turn Services") crew. R. Doc. 1 at 2. Plaintiff claims that a cable from the M/V ALFRED P. CENAC, III, which was making up to the M/V AFFIRMED to assist the M/V AFFIRMED and its tow to transit through the Calcasieu Locks, broke and struck Plaintiff on the back, neck, shoulder, and arm. R. Docs. 1 at 2, 12 at 2, 101-1 at 2. Plaintiff avers that he left the M/V AFFIRMED the next morning to seek medical treatment and has not returned to work since then. R. Doc. 59-2 at 1. Plaintiff asserts that he was working in the capacity of a seaman within the meaning of the Jones Act and argues his injuries were caused by the unsafe and unseaworthy conditions of the M/V AFFIRMED and due to the negligence of Turn Services and its employees. R. Doc. 1 at 3. Plaintiff is thus seeking damages for the following: past and future pain and suffering; mental anguish and

emotional distress; loss of enjoyment of life; past and future lost wages and impairment of earning capacity; past and future maintenance, cure, and found; past and future medical bills; and punitive damages. R. Doc. 1 at 3–4.

Plaintiff subsequently amended his Complaint twice, adding Defendants Al Cenac Towing, LLC ("Al Cenac") and HWC Wire & Cable Company ("HWC"). In his Complaint against Al Cenac, Plaintiff asserts that the accident and his injuries were caused in part by the negligence of Al Cenac, as well as the unseaworthiness of the M/V ALFRED P. CENAC, III. R. Doc. 12 at 2. In his Complaint against HWC, Plaintiff alleges that the wire rope that failed and caused his injury was manufactured by HWC. R. Doc. 45 at 2. Plaintiff thus contends that HWC is liable because it negligently manufactured the defective wire rope and/or failed to adequately inspect the rope before it left HWC's possession and/or failed to warn users of the rope. R. Doc. 45 at 2.

All Defendants deny Plaintiff's allegations and assert various defenses. R. Docs. 6, 8, 19, 23, 47, 52, 57, 66, 71, 72. The Defendants also filed cross-claims against one another. R. Docs. 23, 50, 52, 57.

## II. PRESENT MOTION

Turn Services now brings this Motion for Partial Summary Judgment on the Issues of Jones Act Negligence and Unseaworthiness. R. Doc. 101. Specifically, Turn Services seeks to dismiss Plaintiff's First and Second Causes of Action against Turn Services with prejudice. R. Doc. 101 at 1. Plaintiff's first cause of action against Turn Services is for negligence under the Jones Act and his second cause of action against Turn Services is for unseaworthiness under the general maritime law. R. Doc. 101-1 at 1.

Plaintiff does not oppose the motion. R. Doc. 110. None of the other Defendants have filed oppositions to Turn Services' motion either.

2

### III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

Under the Jones Act, a seaman's employer is liable for damages "if [the] employer's negligence is the cause, in whole or in part, of [the seaman's] injury." *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997) (en banc). To recover damages, the seaman must prove that his employer breached the employer's duty of care; employers are bound to a standard of ordinary prudence for the duty of care owed to a seaman. *Id.* at 335–36. Moreover, a principle in Jones Act cases is that "cause, in fact, is still a necessary ingredient of liability." *Chisholm v. Sabine Towing & Transp. Co.*, 679 F. 2d 60, 62 (5th Cir. 1982).

A claim of unseaworthiness in general maritime law is "based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Beech v. Hercules Drilling Co., L.L.C.*, 691 F.3d 566, 570 (5th Cir. 2012) (quoting *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 441 (2001)). In order to prove that a vessel is unseaworthy, "the plaintiff must establish a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy." *Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001). Moreover, the "plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing [his] injury and that the injury was either a direct result or a reasonably probable consequence" of the unseaworthy condition. *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988).

## IV.  DISCUSSION

In the instant case, Plaintiff alleges that he was injured while working aboard Turn Services' vessel, the M/V AFFIRMED. At the time that the incident occurred, Plaintiff was standing on the bow of the M/V AFFIRMED's front barge. R. Docs. 1 at 2, 12 at 2. While standing there, Plaintiff contends that a wire rope from the M/V ALFRED P. CENAC, III, which was making its way up to the M/V AFFIRMED, snapped and hit him. R. Docs. 1 at 2, 12 at 2, 101-1 at 2. However, there is no evidence that Turn Services's negligence caused the incident, or that

any of the M/V AFFIRMED's crew were responsible for the incident. Indeed, during his deposition, Plaintiff stated that he did not believe the Captain of the M/V AFFIRMED did anything to cause the incident in question. R. Doc. 101-2 at 7. Moreover, Plaintiff does not allege that the M/V AFFIRMED itself possessed a defect that rendered it unfit for its intended purpose, which is required for a claim of unseaworthiness. *See Beech*, 691 F.3d at 570. In fact, in his response to this Motion for Partial Summary Judgment, Plaintiff states that "[a]fter review the undisputed facts as advanced by Turn Services, LLC in their motion, plaintiff is unable, in good faith, to controvert any of those assertions." R. Doc. 110 at 1. The Court thus concludes that there is no genuine issue of material fact with respect to whether Turn Services was negligent in causing the incident in question, or whether the M/V AFFIRMED was unseaworthy.

V.  **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendant Turn Services, LLC's Motion for Partial Summary Judgment on the Issues of Jones Act Negligence and Unseaworthiness, R. Doc. 101, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's First and Second Causes of Action against Turn Services for Jones Act negligence and unseaworthiness are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 1st day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE