UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREVOR RUIZ | CIVIL ACTION |
| VERSUS | NO. 19-1400 |
| TURN SERVICES, LLC | SECTION "L" (4) |

### ORDER & REASONS

Before the Court is Plaintiff Trevor Ruiz's Motion to Quash Jury Trial Demand, R. Doc. 120. Plaintiff filed an opposition in response, R. Doc. 122. Plaintiff then filed a reply, R. Doc. 126. Having considered the relevant pleadings and the August 14, 2020 status conference discussions, the Court now rules as follows.

I.  BACKGROUND

Plaintiff Trevor Ruiz alleges he was injured on or about December 6, 2018 when he was working on the M/V AFFIRMED as a member of Defendant Turn Services, LLC's ("Turn Services") crew, and a line broke from the tow of the vessels and barges being transported by the M/V AFFIRMED. R. Doc. 1 at 2. Specifically, Plaintiff contends he was hurt on the back, neck, shoulder, and arm during the incident in question. *Id.* at 2. Plaintiff also asserts that at the time of the accident he was a Jones Act seaman. *Id.* Plaintiff argues his injuries were caused by the unsafe and unseaworthy conditions of the M/V AFFIRMED and the negligence of Turn Services and its employees. R. Doc. 1 at 3. Plaintiff seeks damages under the Jones Act for past and future pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; and past and future lost wages and impairment of earning capacity. *Id.* at 3-4. Plaintiff also seeks relief under general maritime law theories such as past and future maintenance and cure and punitive damages. *Id.*

Turn Services denies Plaintiff's allegations, arguing that: (1) Plaintiff has failed to state a claim upon which relief can be granted; (2) Plaintiff's complaint is barred by prescription, peremption, and/or laches; (3) Plaintiff was contributorily and/or comparatively negligent; (4) Plaintiff's injuries were the result of usual and normal risks and hazards of his occupation; (5) Plaintiff's accident was caused by the fault of others over which Defendant had no responsibility; (6) Plaintiff failed to properly mitigate damages; (7) Plaintiff's alleged damages were caused or occasioned by intervening and/or superseding causes; and (8) to the extent Defendant was negligent, that negligence or fault should be reduced by other parties and/or non-parties' negligence or fault. R. Doc. 8. Turn Services prayed for trial by jury, and Plaintiff filed a Motion to Strike Jury Demand in response. *Id.* at 5; R. Doc. 17. The Court struck Turn Services' jury demand in a May 15, 2019 Order. R. Doc. 21.

Turn Services filed motions for partial summary judgment on all causes of action asserted against it. R. Docs. 59; 101. The Court denied Turn Services' motion for partial summary judgment with regard to maintenance and cure but granted summary judgment on the issues of negligence and unseaworthiness. R. Docs. 90; 114. With regard to negligence and unseaworthiness, the Court found that there was "no genuine issue of material fact with respect to whether Turn Services was negligent in causing the incident in question, or whether the M/V AFFIRMED was unseaworthy." R. Doc. 114 at 5. Since the first and second causes of action against Turn Services have been dismissed with prejudice, only the maintenance and cure-based cause of action remains.

On March 26, 2019, Plaintiff amended his complaint to add claims against Al Cenac Towing, LLC ("Al Cenac"), whom Plaintiff alleges owns the vessel where the stray cable originated. R. Doc. 12 at 2. Al Cenac likewise denies Plaintiff's allegations and asserts similar defenses. R. Doc. 23. In its answer, Al Cenac prayed for trial by jury on all claims in this case. *Id.*

at 6. Al Cenac also filed a third party demand against HWC Wire & Cable Company ("HWC"), arguing that HWC actually caused and/or contributed to the accident. R. Doc. 23 at 1. Turn Services then brought a cross-claim against Al Cenac and claims it is entitled to recover any and all maintenance and cure payments paid to Plaintiff as a result of Al Cenac's negligence and/or the unseaworthiness of Al Cenac's vessel that caused or contributed to Plaintiff's alleged injuries. R. Doc. 50 at 3. Al Cenac Towing denies Turn Services' allegations, again arguing that the accident was caused by HWC's negligence. R. Doc. 52 at 1.

On August 19, 2019, Plaintiff amended his complaint again to include claims against HWC, which allegedly manufactured and distributed the wire rope that caused Plaintiff's injuries. R. Doc. 45 at 2. HWC, meanwhile, denies Plaintiff's allegations and also brought cross-claims against Turn Services and Al Cenac Towing. R. Doc. 57. Plaintiff elected to proceed under Rule 9(h) of the Federal Rules of Civil Procedure in his original and two amended complaints. R. Docs. 1 at 1; 12 at 1; 45 at 1.

## II.     PRESENT MOTION

Plaintiff now brings the present Motion to Quash Jury Trial Demand, R. Doc. 120. This motion requests that the Court "quash any and all jury demands" made by Defendants Al Cenac and HWC. *Id.* at 1. Plaintiff contends that "[t]he law does not support a jury trial under any circumstances when the matter is brought exclusively before the court within the court's maritime and admiralty jurisdiction and pursuant to Rule 9(h)…." R. Doc. 120-1 at 2. Citing Fifth Circuit authority, Plaintiff argues that a Rule 9(h) election allows a plaintiff to proceed in admiralty for all claims even if there are other grounds for federal jurisdiction, such as diversity. *Id.* Plaintiff points out that he elected to proceed under Rule 9(h) explicitly in his original complaint and then again in his first and second amended complaints, which added Al Cenac and HWC as defendants. *Id.*

3

at 1. Plaintiff contends that in doing this he properly invoked *only* the admiralty and maritime jurisdiction of the Court, forfeiting his right to a jury trial and precluding Defendants from seeking a jury trial. *Id.* at 2. Plaintiff also references this Court's May 15, 2019 Order and Reasons granting Plaintiff's unopposed motion to strike Turn Services' jury demand. *Id.*; R. Doc. 21.

Defendant HWC filed an opposition to Plaintiff's Motion to Quash Jury Trial Demand, R. Doc. 122. HWC points out that "[t]he jurisdiction for Al Cenac Towing's claims against HWC is based on diversity jurisdiction under 28 U.S.C. § 1332, and Al Cenac Towing requested a trial by jury '[f]or all of the claims in the above captioned matter.'" *Id.* HWC also points out that both HWC and Al Cenac made jury demands in their answers to Plaintiff's amended complaints. *Id.* HWC acknowledges that Plaintiff elected to proceed under Rule 9(h) on all claims against all Defendants and that the Court struck Turn Services' jury demand. *Id.* at 1. HWC also acknowledges that "there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists." *Id.* at 4-5 (quoting *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011)).

HWC argues that the present case is controlled by *Luera v. M/V Alberta*, where the Fifth Circuit affirmed a district court's decision to have plaintiffs' diversity and admiralty claims tried together by a jury. R. Doc. 122 at 6. HWC asserts the Fifth Circuit held that "[t]he practice of trying admiralty claims to the bench is simply one of custom and tradition. That tradition cannot trump [a party's] constitutional right to a jury trial for [its] non-admiralty claims." *Id.* at 6 (quoting *Luera*, 635 F.3d at 196). Accordingly, HWC argues that Defendants possess a Seventh Amendment right to a jury trial due to the existence of diversity, while "there is no statute, rule, or constitutional provision that gives plaintiff a *right* to have his admiralty claims tried before the bench." *Id.* at 7. Moreover, HWC contends that because Defendants' claims against one another

4

"arise out of the same operative facts that form the basis of Plaintiff's claims . . . the interests of judicial efficiency and the fair administration of justice allow all of the claims in this matter to be tried before a jury." *Id.* at 8. Therefore, HWC requests that this Court deny Plaintiff's Motion to Quash Jury Trial Demand and allow all claims in this lawsuit to be tried by a jury. *Id.* Plaintiff filed a reply to HWC's opposition on July 9, 2020. R. Doc. 126.

### III.  LAW AND ANALYSIS

Here, Plaintiff brings claims under both the Jones Act and general maritime law. "It is well settled that the Jones Act gives only the seaman-plaintiff the right to choose a jury trial." *Everett v. Atl. Sounding Co.*, No. 07-5302, 2008 WL 4443047, at *2 (E.D. La. Sept. 26, 2008). "[T]he Jones Act plaintiff can elect a non-jury trial in federal court either 1) by electing to sue in admiralty or 2) by grounding his suit on federal question jurisdiction, i.e., the Jones Act, and not requesting a jury." *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1490 (5th Cir. 1992). This authority is derived from the "saving to suitors" clause under 28 U.S.C. § 1333, which allows maritime plaintiffs to choose whether to proceed in admiralty or "at law" when independent bases of jurisdiction exist, such as diversity and maritime law. *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986 (5th Cir. 1978); *In re* Lockheed Martin Corp., 503 F. 3d 351 at 354 (4th Cir. 2007). Ultimately, the maritime plaintiff is the "master of his complaint" and may seek common law remedies or only maritime remedies if he so desires. *Id.*; *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005).

In *Luera*, the Fifth Circuit held that "the presence of an admiralty claim does not defeat a plaintiff's properly preserved right to a jury trial" and "admiralty claims may be tried to a jury when the parties are entitled to a jury trial on the non-admiralty claims." 635 F.3d at 192-93. The plaintiff in *Luera* had asserted claims against a vessel *in rem* in admiralty and claims against the

5

vessel owners and managers *in personam* premised on diversity. *Id.* at 183. Faced with the question of whether all of plaintiff's claims should be adjudicated in admiralty, the Court allowed plaintiff to amend her complaint to clarify that she had based her *in personam* claims on diversity only. *Id.* at 186-87. Relying on the United States Supreme Court case *Fitzgerald v. United States Lines*, the Fifth Circuit held that "when one of a plaintiff's claims carries with it the right to a jury trial, the remaining claims of the plaintiff, though premised on admiralty jurisdiction, may also be tried to a jury 'when both arise out of one set of facts.'" *Id.* at 195; 374 U.S. 16, 21 (1963). The Fifth Circuit explained that its previous decisions denying jury trials where multiple bases of jurisdiction existed involved ambiguity as to whether plaintiffs had made a Rule 9(h) election for their *in personam* claims. *Luera*, 635 F.3d at 191 (citing *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585 (5th Cir. 1983); *Durden v. Exxon Corp.*, 803 F.2d 845 (5th Cir. 1986)). The court held that these cases are "best read as creating a **rule** regarding a plaintiff's Rule 9(h) election and not a complete prohibition on a jury trial where an *in rem* admiralty claim is asserted in the same complaint as a claim that would otherwise carry a right to a jury trial." *Id.*

The present case is distinguishable from *Luera* because there is no ambiguity regarding Plaintiff's Rule 9(h) election, and Plaintiff never sought to proceed "at law" by seeking common law remedies or pleading diversity-based claims. R. Docs. 1; 12; 45. Instead, Plaintiff made a clear Rule 9(h) designation in all three complaints, electing to proceed in admiralty for all claims against all Defendants. R. Docs. 1 at 1; 12 at 1; 45 at 1. In fact, Plaintiff could not have asserted diversity-based claims to begin with since complete diversity has never existed. Plaintiff is a Louisiana citizen and defendants Turn Services and Al Cenac are also Louisiana citizens. R. Docs. 1 at 1; 8 at 2; 12 at 1. Moreover, Turn Services, HWC, and Al Cenac never asserted diversity jurisdiction or disputed the Court's admiralty jurisdiction in their pleadings. R. Docs. 21; 23; 57. At most,

6

diversity has potentially existed only in the context of HWC's cross-claim against Al Cenac and Turn Services, as HWC is a Delaware citizen. R. Doc. 57.

The Court cannot conclude that Plaintiff's saving to suitors authority is trumped by the *potential* for diversity amongst co-defendants and the parties named in HWC's cross-claim. In *Becker v. Tidewater, Inc.*, the Fifth Circuit held that "it is well settled that the plaintiff is master of his complaint, and [plaintiff] has the exclusive power to invoke diversity jurisdiction." The court further explained that "the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction." 405 F.3d at 259. This rule is supported by its earlier holding in *Harrison v. Flota Mercante Grancolombiana*¸ where the Fifth Circuit held that "by electing to proceed under 9(h) rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." 557 F.2d at 986 (citing *Romero v. Bethlehem Steel Crop.*, 515 F.2d 1249 (5th Cir. 1975)). Because Plaintiff made a clear, unambiguous election to proceed under Rule 9(h) for all claims against all Defendants, Plaintiff has the exclusive power to invoke the diversity jurisdiction of this Court, and complete diversity is lacking, the Court will not entertain a jury trial demand in this case.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Jury Trial Demand, R. Doc. 120, is **GRANTED**.

New Orleans, Louisiana, this 27th day of August 2020.

UNITED STATES DISTRICT JUDGE