UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREVOR RUIZ | CIVIL ACTION |
| VERSUS | NO. 19-1400 |
| TURN SERVICES, LLC, ET AL. | SECTION "L" (5) |

### ORDER & REASONS

Before the Court is Defendant HWC Wire & Cable Company's Motion for Summary Judgment, R. Doc. 160. The motion is unopposed. Having considered the briefing and the applicable law, the Court now rules as follows.

I.  BACKGROUND

Plaintiff Trevor Ruiz alleges that he was injured on December 6, 2018 while working on the M/V AFFIRMED as a member of the crew of Defendant Turn Services, LLC ("Turn Services"). R. Doc. 1 at 2. Plaintiff asserts that he was working as a seaman under the Jones Act. *Id.* Plaintiff alleges that a rope broke from the tow of the vessels and barges being transported by the M/V AFFIRMED and hit him on the back, neck, shoulder, and arm. *Id.*

Plaintiff argues he suffered physical and mental injuries caused by the unsafe and unseaworthy conditions of the M/V AFFIRMED and the negligence of Turn Services. *Id.* at 2-3. Plaintiff seeks damages for (1) past and future pain and suffering; (2) mental anguish and emotional distress; (3) loss of enjoyment of life; (4) past and future lost wages and impairment of earning capacity; (5) past and future maintenance and cure; and (6) past and future medical bills, along with punitive damages. *Id.* at 3–4.

Plaintiff amended his Complaint to include claims against Defendant Al Cenac Towing, LLC ("Al Cenac Towing"), which Plaintiff alleges owned the M/V ALFRED P. CENAC, III, the vessel from which the cable that hit Plaintiff originated. R. Doc. 12 at 2. On June 21, 2019, Al Cenac Towing filed a third-party demand against Defendant HWC Wire & Cable Company ("HWC"), arguing that HWC caused or contributed to the accident by manufacturing and selling rope with a redhibitory defect. R. Doc. 23 at 1, 5. Plaintiff then amended his Complaint to bring claims against HWC, claiming that HWC manufactured and distributed the rope that caused Plaintiff's injuries and that the rope was defective. R. Doc. 45 at 2. HWC denied Plaintiff's allegations and brought cross claims against Turn Services and Al Cenac Towing. R. Doc. 57.

## II.     PRESENT MOTION

HWC seeks summary judgment and the dismissal of all claims against HWC by both Plaintiff and Al Cenac Towing. R. Doc. 160. HWC argues that neither Plaintiff nor Al Cenac Towing has produced sufficient evidence to show that HWC manufactured, distributed, or sold the rope that allegedly caused Plaintiff's injuries. *Id.* No party has filed an opposition to HWC's motion for summary judgment.

## III.    APPLICABLE LAW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The moving party

bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

**IV.   DISCUSSION**

HWC argues that neither Plaintiff nor Al Cenac Towing can prove that HWC produced the rope that allegedly caused Plaintiff's injuries. R. Doc. 160-1 at 1. Specifically, HWC argues that the rope from the incident was not preserved for identification and that the rope depicted in photographs taken after the incident is plainly not HWC's product based on its visible characteristics. *Id.* HWC notes that no party has provided the specific rope that allegedly caused Plaintiff's injuries, and that there are obvious differences between HWC's product and the rope depicted in the photographs, including color and "eye" design. *Id.* at 8. HWC avers that there is no other evidence identifying the rope from the incident. *Id.* at 3. HWC further avers that it has no record of selling rope to the M/V ALFRED P. CENAC, III. *Id.* at 6. Thus, HWC argues, neither Plaintiff nor Al Cenac Towing can support their product liability claims against HWC. No party has opposed HWC's motion.

The Court finds that there is no genuine dispute as to whether HWC manufactured, distributed, or sold the rope that allegedly caused Plaintiff's injuries. Neither Plaintiff nor Al Cenac Towing has produced evidence that HWC manufactured, distributed, or sold that rope—actions which represent the only basis of their claims against HWC and which they would have the burden of proving at trial. The only evidence that any party has produced to identify the rope at issue, photographs purporting to show that rope, depict a rope that visibly differs from HWC's rope product. Moreover, no party has opposed HWC's arguments for dismissing the claims against it. Thus, HWC is entitled to judgment as a matter of law.

## V.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant HWC Wire & Cable Company's Motion for Summary Judgment, R. Doc. 160, is **GRANTED**.

New Orleans, Louisiana, this 14th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE